## BRINGHAM v. LEIGHTY.

PROMISSORY NOTE.——Assignment.—— Pleading.—— Surplusage.——Real Property.—— Purchase-Money.——Conveyance.——Eviction.——Rescission.——In a suit by the assignee against the maker, upon a promissory note, which stipulated that it was given for the purchase-money of certain real estate, and " if title defective, note void," the defendant answered, that such note was given to the assignor of the plaintiff, in part consideration of the undivided two-thirds part of certain described land which defendant had purchased of plaintiff and said assignor, for which he had received their joint warranty deed, and that defendant had been evicted from one-half of the land so purchased. The plaintiff replied that he and his assignor each owned an undivided third part of such land; that defendant purchased said assignor's interest therein, for a certain sum, and executed the note sued on to secure the payment of the purchase-money; that defendant also agreed to purchase plaintiff's interest in said land for a like sum, and to execute to him a note to secure the purchase-money, but did not deliver such note or pay such money; that, without performing his agreement, defendant fraudulently induced plaintiff to execute the deed mentioned in his answer, which deed, in a proceeding against the defendant in the proper court, had been declared fraudulent, void as to plaintiff, and inoperative to convey title from him; and that defendant still held the interest in said land conveyed to him by said assignor.

Held, that it was not necessary to allege in the complaint, that the title to the land mentioned in the note, and for which said note was given, was not defective as to the assignor of said note. Such fact, being alleged, was mere surplusage, as the subject of title in such connection was a matter of defence entirely..

Held, also, that the reply was good.

Held, also, that it was incompetent for the defendant to retain the title conveyed to him by plaintiff's assignor, and to rescind only as to the purchase-money.

From the Tippecanoe Superior Court.

*G. O. Behm*, *J. Park* and *A. O. Behm*, for appellant.
*M. Jones* and *J. L. Miller*, for appellee.

NIBLACK, C. J.—This was a suit by Margaret A. Leighty against Adam A. Bringham, on a promissory note, as follows:

"JUNE 25th, 1873.

"Six months after date, we promise to pay to the order of B. F. Apple, two hundred dollars, value received, without any relief from valuation or appraisement laws, with ten per cent. interest after maturity. This note given for purchase-money on real estate. If title defective, note void.

(Signed:) "A. A. BRINGHAM."

Which note was assigned to the plaintiff by an endorsement in writing.

The complaint set out the note and the assignment, with an averment of non-payment, with sufficient certainty and the usual formality, and also contained the additional allegation, "that the title to the land mentioned in said note, and for which said note was given in part payment, was not defective as to said Apple, but that he had a good and sufficient title to all that he assumed to convey, and for which said note was given in payment."

A demurrer was overruled to the complaint, and the defendant answered in two paragraphs.

1. In general denial.

2. That the note sued on was given to Benjamin F. Apple, the payee thereof, in part consideration of the undivided two-thirds part of a certain twenty-acre tract of land, describing it, which he, the defendant, had purchased of the said Apple and the plaintiff, Margaret A. Leighty, and for which he had received their joint warranty deed; that he, the defendant, had been evicted from one-half of the land so purchased by him. Wherefore he claimed that the consideration of said note had failed.

The plaintiff replied in three paragraphs to the second paragraph of the answer:

1. In denial;

2.   Setting up special matter, but which was struck out before the trial;

3.   That the plaintiff and the said Apple were each the owner of one undivided third part of the land described in the second paragraph of the answer; that the defendant was well acquainted with the nature of their title and the manner in which they held the same; that the defendant purchased the said Apple's interest in said land for the sum of two hundred dollars, and executed the note sued on for that amount, to secure the payment of the purchase-money therefor, receiving a conveyance from said Apple, as alleged; that the defendant also agreed to purchase the plaintiff's interest in said land for a like sum, and to execute to her, also, a note to secure the purchase-money therefor, but did not at any time deliver to her such a note, or pay her any portion of the purchase-money for her said interest in said land; that, without performing his part of the agreement, the defendant fraudulently procured and induced her to execute the deed referred to in said second paragraph of the answer; that afterward, by certain proceedings in the Tippecanoe Circuit Court, in which she was plaintiff, and the defendant herein was defendant, said deed was declared to be fraudulent, void as to her, and decreed to be inoperative for the purpose of conveying title from her; that the defendant still held and retained the interest in said land conveyed to him by said Apple.

The defendant also demurred to this third paragraph of the reply, but his demurrer was overruled.

A trial resulted in a verdict and judgment for the plaintiff.

The objection urged to the complaint is, that the allegation as to the validity of the title conveyed to the defendant was not sufficiently explicit and comprehensive to negative every inference or presumption to the contrary, and that the facts upon which such title rested were not set out.

This objection seems to us not to be well taken.

The subject of title, in the connection in which it was referred to in the complaint, was entirely a matter of defence. The allegation in question was, therefore, mere surplusage, and hence immaterial.

The objection urged to the third paragraph of the reply is, that, as the deed from the plaintiff and Apple to the defendant was a joint deed, an eviction from a portion of the land purporting to be conveyed by it operated as a failure of the consideration promised to be paid as to the whole of said land.

This objection, also, appears to us not to be well taken.

The allegations of this paragraph of the reply went to show that the contract of sale between the plaintiff and the defendant had never been fully completed, and that the deed described in the second paragraph of the answer, had, in a direct proceeding between the same parties, in a court of competent jurisdiction, been set aside and annulled as to the plaintiff, thus leaving matters between the plaintiff and the defendant, as to the lands embraced in the deed, practically as if such deed had never been executed. Also, that the defendant still held the land conveyed to him by Apple.

It was clearly incompetent for the defendant to retain the title conveyed to him by Apple, and to rescind only as to the purchase-money.

A question is also made as to the sufficiency of the evidence to sustain the verdict.

The evidence tended strongly to support the allegations in the third paragraph of the reply.

Under our ruling on that paragraph, we are constrained to hold, that the verdict was sufficiently sustained by the evidence.

We see no cause for a reversal of the judgment.

The judgment is affirmed, at the costs of the appellant.