# FRANK ENNIS v. RETAIL MERCHANTS ASSOCIATION MUTUAL FIRE INSURANCE COMPANY, a Corporation.

(156 N. W. 234.)

**Waiver — doctrine of — defense — failure to disclose — when demand made — other grounds relied upon — knowledge of the facts — defense as stated — intention to abandon — concealment — misleading — injury — — insurance company — premium — policy — conditions.**

1. The doctrine of waiver will not be extended so as to deprive a party of his defense, merely because he negligently or incautiously, when the claim is first presented, while denying his liability, omits to disclose the ground of his defense, or states another ground than that upon which he finally relies. There must, in addition, be evidence from which the jury would be justified in finding that with full knowledge of the facts there was an intention to abandon, or not to insist upon the particular defense afterward relied upon, or that it was purposely concealed under circumstances calculated to, and which actually did, mislead the other party to his injury. The mere fact, therefore, that an insurance company, during the negotiations between the parties after a

loss, merely justifies its refusal to pay the claim on the ground that the premium was not paid, does not debar such insurance company from interposing a defense based upon proper pleadings, that the conditions of the policy in regard to the making of an inventory and of the keeping of books of account and the keeping of the same in an iron safe have been violated.

**Inventory — making of — condition of policy — special pleading.**

2. The defense that the insured had not made an inventory and kept books of his purchases and sales, and kept the same in an iron safe, as provided by the terms of his policy, is one which must be specially pleaded in an action upon such insurance policy.

**Trial judge — answer — amendment — disallowance — trial and judgment — new amendment allowed after — judgment notwithstanding the verdict — error.**

3. It is error for a trial judge, after he has refused to allow the amendment of an answer upon the trial, in order that a certain defense may be interposed, and has thus lulled the plaintiff into a sense of security that no such defense can be relied upon, to afterwards, and after a verdict has been rendered in favor of the plaintiff and judgment has been entered thereon, to allow an amendment to the answer setting up such defense so that a judgment notwithstanding the verdict may be entered thereon.

**Policy of insurance — gross premium — building — contents — amount of insurance — provisions of policy — as to — divisible policy.**

4. Where a policy of insurance is written for a gross premium, but the insurer agrees to pay a certain amount in case of the destruction of a building by fire, and a certain other amount in the case of the destruction of its contents, and the policy contains a provision that books must be kept of purchases and sales, and such books must be kept in an iron safe, the policy is divisible in so far as such clause or condition is concerned, and such clause or condition will not be held to apply to the insurance upon the building itself.

**Discretion — answer — amendment — new defense — books of account — motion for — at close of trial — discovery of new facts — showing on — as to time.**

5. It is not an abuse of discretion on the part of a trial judge to refuse to allow the filing of an amendment to the answer in an action on a fire insurance policy, and which amendment sets up the new defense, that the insured, in violation of the terms of the policy, failed to keep books of account of his sales and purchases, and to keep said books within an iron safe, when such motion is not made until after the close of plaintiff's testimony, and neither throughout the prior negotiations for a settlement, nor in the original answer, had the defendant in any manner suggested the defense, and the trial was held at a place more than a hundred miles from the home of the plaintiff

and of his attorneys, and there was no showing that, prior to the making of such motion, the defendant was not aware of the new facts sought to be pleaded.

### On Petition for Rehearing.

6. Where an insurance company refuses to consider a claim for the loss of goods destroyed by fire, on the ground that the premium has not been paid, and on that ground alone, and at no time asks for formal proofs of loss or furnishes blanks therefor, it will not be permitted to interpose upon the trial, when sued for the loss, the defense that such formal proofs were not furnished as required by the policy.

7. The defendant is not entitled, as a matter of right, to amend his answer upon the trial so as to set up a new and added defense, and the trial court, under § 7482 of the Compiled Laws of 1913, is only authorized to grant permission to do so when such permission would be in furtherance of justice.

8. Although, on the reversal by the supreme court of a judgment notwithstanding the verdict, the cause will be remanded to the district court with leave to the respondent to perfect a motion for a new trial in cases where he asked for a new trial in the alternative and in connection with the motion for a judgment notwithstanding the verdict, and it is apparent that error was committed on the trial which would justify the granting of such new trial, no such leave will be granted when it is apparent that no error was committed.

9. Where upon the trial the court refuses to permit an amendment to the answer which sets up a defense, which, under the peculiar facts of the case, is purely technical, and at the close of the trial the judge sets aside a verdict for the plaintiff, and allows such amendment, and orders a judgment entered for the defendant notwithstanding such verdict and notwithstanding the fact that the evidence in support of the amendment was objected to, the supreme court, if it reverses such judgment notwithstanding the verdict on an appeal taken, will take into consideration the technical nature of the defense in determining whether the cause should be remanded to the district court with leave to perfect the motion for a new trial and in order that such defense may be pleaded and interposed, and whether the remanding of the cause for such purpose would be in furtherance of justice.

Opinion filed January 4, 1916. On petition for rehearing February 9, 1916.

Appeal from the District Court of Cass County, *Pollock,* J.

Action to recover on a fire insurance policy. Verdict and judgment

for the plaintiff, which is set aside and a judgment notwithstanding the verdict entered for the defendant.   Plaintiff appeals.

Reversed, and the former verdict and judgment ordered reinstated.

Statement of facts by BRUCE, J.

This is an action to recover on a fire insurance policy, and the appeal is from the action of the district court in setting aside a verdict for the plaintiff and entering judgment for the defendant notwithstanding the same.

The complaint alleged that the defendant was engaged in the general fire insurance business; that on October 12, 1912, the plaintiff was the owner and in possession of a certain lot at Pettibone, North Dakota, and in the possession of certain agricultural implements, repairs, furnishings, etc.; that on January 19, 1913, the building was of the value of $650 and the agricultural implements, etc., of the value of $4,182; that on October 12, 1912, the defendant entered into a contract of insurance with the plaintiff under and by virtue of which the defendant, for a valuable consideration, duly paid, made, executed, and delivered to the plaintiff an insurance policy insuring said property against loss by fire for a period of one year from October 12, 1912, limiting its liability for a loss in any sum not greater than $500 on said building, and for a loss in any sum not greater than $2,000 on said machinery, which said policy and contract of insurance was then and there delivered to the plaintiff; that said insurance policy is No. 1028, and *is now and at all times since October 12, 1912, has been in full force and effect,* and plaintiff is now and at all times since October 12, 1912, has been the owner of said insurance policy and contract; that on January 9, 1913, without fault or negligence on the part of the plaintiff, the said building and machinery were destroyed by fire and the plaintiff suffered loss thereby in the sum of $4,832; that immediately thereafter the plaintiff notified the defendant of such loss by telephone message and by letter in writing, and demanded from said defendant that it send plaintiff proof of loss blanks, and that thereafter on or about March 4, 1913, the defendant, having at all times failed, refused, and neglected to send any such proof of loss blanks, made and sent to the defendant full and complete proofs of loss under said policy and contract of insurance, all of which defendant received and has wholly

failed and neglected to object to; that the plaintiff has offered in writing to arbitrate any and all differences of the sums or amounts of loss sustained in said matter, but that the said defendant has wholly refused, failed, and neglected to arbitrate said matters or any part thereof; *that plaintiff has in all things conformed to the terms of his said insurance policy and contract on his part to be performed,* and has at all times offered to and been ready, willing, and able to further perform any other terms of said contract on his part to be performed, or conditions which defendant might, in reason, desire this plaintiff to perform; that there is due and owing to the plaintiff from defendant by reason of the premises aforesaid, the sum of $2,500, with interest at the rate of 7 per cent per annum from January 19, 1913.

For answer to this complaint the defendant admitted the formal allegations, and admitted the issuance of the policy, but denied "that the plaintiff at any time paid the defendant the premium or consideration for said insurance policy, *and denies that said insurance policy is in force or effect."* It also denied having any knowledge or information sufficient to form a belief thereon of the allegations of the complaint as to the ownership of the lot and of the machinery and repairs, and, in addition to these denials, *generally denied all of the allegations of the complaint.* It further alleged "that the premium named in said policy of insurance, referred to in said complaint, and for which the plaintiff became indebted to this defendant, was not paid in cash or unconditional notes within sixty days from the issue of said insurance policy, or at all, and that by the provisions of § 4440, Revised Code of North Dakota for 1905, as amended by chapter 143, Laws of 1907, Comp. Laws 1913, § 4874, said policy of insurance became on the 12th day of December, 1912, absolutely void and of no force and effect, for nonpayment of such premium, and has ever so remained since said date."

After the rendition of the verdict and the entry of the judgment, the defendant moved for a judgment notwithstanding the verdict and in the alternative for a new trial, specifying, among other errors of law, that the court had erred in denying the request of the defendant for leave to amend the answer to plead an alleged breach of the provisions of the policy by the plaintiff in encumbering the property covered by the policy, and also a failure to take an inventory of the stock alleged

to be covered by said policy, and to keep books of account detailing the purchases and sales of stock, and *to keep said inventory and books of account in an iron safe* during the hours plaintiff's store was closed for business, and in failing to keep an iron safe or any other protection for such inventory and books, by reason whereof the same were burned and were not produced at the trial; that the court erred in denying the offer of proof and in refusing to permit the defendant to prove that the plaintiff did not keep an iron safe or any other receptacle for its inventory and books of account, and that there had been a breach of the policy in this respect; that the court erred in denying a motion to direct a verdict for the defendant; that the court erred in instructing the jury that the only question in the case for their determination was whether or not the plaintiff paid the premium upon the policy. Thereafter the court set aside the verdict and ordered: "(1) Under the provisions of § 6883, Revised Codes of 1905, § 7482, Comp. Laws, 1913, that the answer be and the same is hereby amended to include the so-called 'iron safe' defensive matter, in the same form and to the same extent as though it had been permitted during the time of the trial, when requested, defendant being permitted at this time to prepare said amendment and file the same as a part of the record in this case. (2) That the motion to vacate and set aside the verdict and judgment heretofore rendered and filed in said action be and the same is hereby granted, and said judgment is hereby accordingly vacated and set side. (3) That the judgment is entered against the plaintiff notwithstanding the verdict dismissing the action with costs." From this order and the judgment entered thereon the plaintiff has appealed, and asks this court that the district court be directed to reverse its order permitting the amended answer, vacating the judgment, and ordering judgment notwithstanding the verdict for a dismissal and for costs, and that the judgment of dismissal and for costs be reversed, and that the lower court be directed to enter judgment for the plaintiff, or reinstate the verdict and order for judgment and judgment thereon rendered for plaintiff.

*Knauf & Knauf,* for appellant.

It was error for the court to allow amended answer setting up an entirely new defense, after the trial had been closed and the case ended, because it came too late; because of the new defense and because at all

times but the one defense of nonpayment of the premium had been pleaded and relied upon during the entire case. Maclaren v. Kramer, 26 N. D. 244, 144 N. W. 85.

Especially is this true where it is sought by defendant to introduce upon the trial evidence of some new defense—a defense outside the issues—and objection is promptly made. In such case there is no abuse of discretion in denying leave to amend. Mendenhall v. Harrisburg Water Power Co. 27 Or. 38, 39 Pac. 399; Walker v. O'Connell, 59 Kan. 306, 52 Pac. 894; Mares v. Wormington, 8 N. D. 329, 79 N. W. 441; · Heegaard v. Dakota Loan & T. Co. 3 S. D. 469, 54 N. W. 656; Leggat v. Palmer, 39 Mont. 302, 102 Pac. 327; 1 Enc. Pl. & Pr. note 5, p. 585, and cases cited; Wood v. Pehrsson, 21 N. D. 357, 130 N. W. 1010; 31 Cyc. 452 (iv) and additional citations under note 85.

If allowable at all, the amendment should have been made before the evidence was admitted. Beard v. Tilgham, 20 N. Y. Supp. 736, 31 Cyc. ¶ 4, p. 452; Avegno v. Fosdick, 28 La. Ann. 109; Scott v. Smith, 2 Kan. 438; Texier v. Gouin, 5 Duer, 389.

The defendant waived the alleged new defenses even though they were unknown. It could have discovered them before answering in the first instance had it duly prepared. Amendments are not allowed to give one party purely technical advantage over the other. Skinner v. Norman, 165 N. Y. 565, 80 Am. St. Rep. 776, 59 N. E. 309; Rev. Codes 1905, § 6883, Comp. Laws 1913, § 7482; Hexter v. Schneider, 14 Or. 184, 12 Pac. 668; O'Toole v. Garvin, 1 Hun, 313; Chlein v. Kabat, 72 Iowa, 291, 33 N. W. 771; Seegers v. McCreery, 41 S. C. 548, 19 S. E. 696; Hiatt v. Auld, 11 Kan. 176; Riggs v. Chapin, 27 N. Y. S. R. 268, 7 N. Y. Supp. 765.

After plaintiff has rested, it is error to permit amendments showing new defenses, which plaintiff is not prepared to meet. Skagit R. & Lumber Co. v. Cole, 2 Wash. 57, 25 Pac. 1077; Ferguson v. Hannibal & St. J. R. Co. 35 Mo. 452; Spyker v. Hart, 22 La. Ann. 534; Iltis v. Chicago, M. & St. P. R. Co. 40 Minn. 273, 41 N. W. 1040; Garrison v. Goodale, 23 Or. 307, 31 Pac. 709; Athens Mut. Ins. Co. v. Ledford, 134 Ga. 500, 68 S. E. 91; Glazer v. Lowrie, 8 Serg. & R. 498.

Plaintiff having demanded from the insurance company, soon after the fire, a set of proof of loss blanks, and the company failing to send same, plaintiff thereafter sent in proof of loss, which was retained by the

company without objection; it waived all insufficiency or irregularity. Rev. Codes 1905, §§ 5977, 5978, Comp. Laws 1913, §§ 6544, 6545; Angier v. Western Assur. Co. 10 S. D. 82, 66 Am. St. Rep. 685, 71 N. W. 761; 2 Bacon Ben. Soc. § 409, p. 1033; Hart v. Fraternal Alliance, 108 Wis. 490, 84 N. W. 851; Hutchinson v. Supreme Tent, K. M. 68 Hun, 355, 22 N. Y. Supp. 801; Stepp v. National Life & Maturity Asso. 37 S. C. 417, 16 S. E. 134.

Notice from the secretary is notice from the company. The company is bound by the acts of its secretary. Olmstead v. Farmers' Mut. F. Ins. Co. 50 Mich. 201, 15 N. W. 82.

Any affirmative defense must be specially pleaded. All defenses not set up in the answer are waived. Goodwin v. Massachusetts Mut. L. Ins. Co. 73 N. Y. 496; Brink v. Hanover F. Ins. Co. 80 N. Y. 113; Smith v. German Ins. Co. 107 Mich. 270, 30 L.R.A. 368, 65 N. W. 236.

Where defendant has particularly called attention of insured to its reason for refusal to pay for the loss, because of claimed failure to pay the premium, and, when sued, comes in and by its answer sets up this sole and only defense, it waives all other defenses. Continental Ins. Co. v. Waugh, 60 Neb. 348, 83 N. W. 81; Franklin F. Ins. Co. v. Chicago Ice Co. 36 Md. 102, 11 Am. Rep. 469; Home Ins. Co. v. Baltimore Warehouse Co. 93 U. S. 527, 547, 23 L. ed. 868, 870; Ohio & M. R. Co. v. McCarthy, 96 U. S. 258, 24 L. ed. 693.

A distinct denial of liability and refusal to pay a loss, on the ground that there is no contract, is a waiver of proofs of loss. Tayloe v. Merchants' F. Ins. Co. 9 How. 390, 403, 19 L. ed. 187, 192; Allegre v. Maryland Ins. Co. 6 Harr. & J. 408, 14 Am. Dec. 289; Norwich & N. Y. Transp. Co. v. Western Massachusetts Ins. Co. 34 Conn. 561; Thwing v. Great Western Ins. Co. 111 Mass. 93; Brink v. Hanover F. Ins. Co. 80 N. Y. 108; May, Ins. §§ 468, 469; Knickerbocker L. Ins. Co. v. Pendleton, 112 U. S. 696, 710, 28 L. ed. 866, 870, 5 Sup. Ct. Rep. 314; Covenant Mut. Ben. Asso. v. Spies, 114 Ill. 463, 2 N. E. 482; Grattan v. Metropolitan L. Ins. Co. 80 N. Y. 281, 36 Am. Rep. 617; Ætna Ins. Co. v. Shryer, 85 Ind. 362; Carson v. German Ins. Co. 62 Iowa, 433, 17 N. W. 650; Phœnix Ins. Co. v. Adams, 8 Ky. L. Rep. 532; Daul v. Firemen's Ins. Co. 35 La. Ann. 98; Home Ins. Co. v. Gaddis, 3 Ky. L. Rep. 159; Aurora F. & M. Ins. Co. v. Kranich, 36 Mich. 289; Rokes v. Amazon Ins. Co. 51 Md. 512, 34 Am. Rep. 323;

Planters' Ins. Co. v. Comfort, 50 Miss. 662; German-American Ins. Co. v. Davidson, 67 Ga. 11; Merchants' & M. Ins. Co. v. Vining, 68 Ga. 197; Goodwin v. Massachusetts Mut. L. Ins. Co. 73 N. Y. 480; Kantrener v. Penn Mut. L. Ins. Co. 5 Mo. App. 581; Marston v. Massachusetts L. Ins. Co. 59 N. H. 92; King v. Hekla F. Ins. Co. 58 Wis. 508, 17 N. W. 297; Zielke v. London Assur. Corp. 64 Wis. 442, 25 N. W. 436; Home Ins. Co. v. Baltimore Warehouse Co. 93 U. S. 546, 23 L. ed. 870; Payn v. Mutual Relief Soc. 6 N. Y. S. R. 365, 17 Abb. N. C. 53; Pennsylvania F. Ins. Co. v. Dougherty, 102 Pa. 568; Girard L. Ins. Annuity & T. Co. v. Mutual L. Ins. Co. 97 Pa. 15; Kansas Protective Union v. Whitt, 36 Kan. 760, 59 Am. Rep. 607, 14 Pac. 275; Lazensky v. Supreme Lodge, K. H. 31 Fed. 592; Norwich & N. Y. Transp. Co. v. Western Massachusetts Ins. Co. 34 Conn. 561; Kansas Protective Union v. Whitt, 36 Kan. 760, 59 Am. Rep. 607, 14 Pac. 275.

Plaintiff never consented to litigate issues other than those set out in the pleadings; therefore a request for a charge on another issue is properly refused. Ganser v. Fireman's Fund Ins. Co. 38 Minn. 74, 35 N. W. 584.

The clauses in an insurance policy covering the keeping of an "iron safe," "books of account," and "inventory," if relied to defeat the loss under the policy, must be specially pleaded in the answer, and then proved as facts, else they are waived. Coburn v. Traveler's Ins. Co. 145 Mass. 226, 13 N. E. 604; Elliott v. Home Mut. Hail Asso. 160 Iowa, 105, 140 N. W. 431; Bohles v. Prudential Ins. Co. 84 N. J. L. 315, 86 Atl. 438; Queen of Arkansas Ins. Co. v. Forlines, 94 Ark. 227, 126 S. W. 719.

Where the *actions* of an insurance company indicate one, certain, sole and only defense, other defenses are waived. Walrod v. Des Moines F. Ins. Co. 159 Iowa, 121, 140 N. W. 218; Queen of Arkansas Ins. Co. v. Forlines, 94 Ark. 227, 126 S. W. 719; Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 So. 46; Liverpool & L. & G. Ins. Co. v. Tillis, 110 Ala. 201, 17 So. 672; Georgia Home Ins. Co. v. Allen, 119 Ala. 436, 24 So. 399; Montgomery v. Montgomery Waterworks Co. 77 Ala. 256; Fire Ins. Cos. v. Felrath, 77 Ala. 194, 54 Am. Rep. 58; Central City Ins. Co. v. Oates, 86 Ala. 558, 11 Am. St. Rep. 67, 6 So. 83;

1 Joyce, Ins. ¶¶ 425, 440, 591; Brink v. Hanover F. Ins. Co. 80 N. Y. 113.

*Peirce, Tenneson & Cupler,* attorneys for respondent.

Defendant assumed throughout the case, and until the testimony of the plaintiff himself, that plaintiff had complied with all the provisions of the policy, and that if the jury should find that he had paid the premium to the agent, there was no other defense. The company had no previous knowledge of any other breach of the policy. The fact that no inventory had been taken; that same and books of account had not been kept in an iron safe, as the policy provides, was unknown to the company, until disclosed by plaintiff on the witness stand. The amendment was therefore properly allowed. North British & Mercantile Ins. Co. v. Rudy, 26 Ind. App. 472, 60 N. E. 9; Brock v. Des Moines Ins. Co. 96 Iowa, 39, 64 N. W. 685; Sweeney v. Johnson, 23 Idaho, 530, 130 Pac. 997; Emmons v. Home Ins. Co. 1 Penn. (Del.) 83, 39 Atl. 775; Southern Ins. Co. v. Hastings, 64 Ark. 253, 41 S. W. 1093; Burke v. Snell, 42 Ark. 57; 2 Elliott, Ev. 920.

By plaintiff's own evidence he had shown that he was not entitled to a verdict, a prima facie case had not been made out, and there was no call for evidence from defendant. Cooke v. Northern P. R. Co. 22 N. D. 266, 133 N. W. 303.

Plaintiff alleged in his complaint that he had performed all the conditions of the policy. A general denial puts in issue this question of performance, without the necessity of alleging such conditions and their breach. Sifton v. Sifton, 5 N. D. 187, 65 N. W. 670; 9 Cyc. 600, 732.

Failure to move for or to accept a continuance is a waiver of an objection to the allowance of an amendment on the ground of surprise. 31 Cyc. 751, note 45; Helbig v. Grays Harbor Electric Co. 37 Wash. 130, 79 Pac. 612; Straus v. Buchman, 96 App. Div. 270, 89 N. Y. Supp. 226, affirmed in 184 N. Y. 545, 76 N. E. 1109.

The mere fact that the amendment constitutes a departure in pleading, or adds or substitutes a new or different cause of action in the strict sense of those terms, is no good reason for disallowing the amendment. Rae v. Chicago, M. & St. P. R. Co. 14 N. D. 507, 105 N. W. 721; Kerr v. Grand Forks, 15 N. D. 294, 107 N. W. 197; Martin v. Luger Furniture Co. 8 N. D. 220, 77 N. W. 1003; Anderson v. First

Nat. Bank, 5 N. D. 80, 64 N. W. 114; Webb v. Wegley, 19 N. D. 606, 125 N. W. 562.

A defendant has the right to set up any defense he may have, by way of amendment, and is not subject to the restrictive rule which prohibits a plaintiff from changing the form of his action from one *ex contractu* to one *ex delicto*. Plaintiff's right to recover is not effected by the form of the answer or nature of the defense. 1 Hayne, New Tr. & App. § 54, pp. 271, 272; Farmers' Nat. Gold Bank v. Stover, 60 Cal. 394.

Amendments are properly allowed after the commencement of the trial, after the evidence is introduced and after the judgment. 31 Cyc. 398–406.

An appellant will not be heard to urge on appeal that the cause was tried on defective pleadings, when the error was his own or was caused by granting his motion to strike out an allegation, or when the cause is tried as if the pleading contained the necessary averments. 4 Enc. L. & P. 346, 347; 3 Cyc. 244; Conley v. Dibber, 91 Ind. 413; Sanger v. Noonan, — Tex. Civ. App. —, 27 S. W. 1056; Parker v. Spencer, 61 Tex. 164; Texas & N. O. R. Co. v. Goldberg, 68 Tex. 687, 5 S. W. 824.

Where an offer of proof or to amend is made, and no objection is made to the method or form of the offer, objection in the appellate court cannot avail. 38 Cyc. 1335, notes 24 and 25; Biddick v. Kobler, 110 Cal. 191, 42 Pac. 578.

The iron-safe clause in the policy is proper and valid, and amounts to an express warranty. Rev. Codes 1905, §§ 5955–5957, 5959, 5960, Comp. Laws 1913, §§ 6522–6524, 6526, 6527.

To constitute an estoppel or waiver, the party against whom it is alleged must be shown to have had knowledge of all of the facts. Thompson v. Traveler's Ins. Co. 11 N. D. 274, 91 N. W. 75, 13 N. D. 444, 101 N. W. 900.

The burden of proving such knowledge is upon the plaintiff, the assured. 1 Clement, Fire Ins. 411, 418, 431, and citations; Wierengo v. American F. Ins. Co. 98 Mich. 621, 57 N. W. 833; Van Buren County v. American Surety Co. 137 Iowa, 490, 126 Am. St. Rep. 290, 115 N. W. 24.

The insurance company cannot waive that which it does not know. 1 Clement, Fire Ins. pp. 410, 436–438; Rundell v. Anchor F. Ins. Co. — Iowa, —, 101 N. W. 517; Welsh v. London Assur. Corp. 151 Pa.

607, 31 Am. St. Rep. 786, 25 Atl. 142; 1 Clement Fire Ins. 437; Findlay v. Union Mut. F. Ins. Co. 74 Vt. 211, 93 Am. St. Rep. 885, 52 Atl. 429; McCormick v. Royal Ins. Co. 163 Pa. 184, 29 Atl. 747; Cassimus Bros. v. Scottish Union & Nat. Ins. Co. 135 Ala. 256, 33 So. 163; Devens v. Mechanics' & T. Ins. Co. 83 N. Y. 168; Brink v. Hanover F. Ins. Co. 80 N. Y. 108; Ervay v. Fire Asso. of Philadelphia, 119 Iowa, 304, 93 N. W. 290; C. Shenkberg Co. v. Maloy, — S. D. —, 147 N. W. 286.

Further, the provision of the policy that any waiver of its provisions must be in writing indorsed on the policy is valid and binding as to conditions subsequent, such as the breach of the iron-safe clause. Leisen v. St. Paul F. & M. Ins. Co. 20 N. D. 316, 30 L.R.A.(N.S.) 539, 127 N. W. 837.

BRUCE, J. (after stating the facts as above). It is quite clear to us that the mere fact that, during the negotiations in regard to the loss, the defendant insurance company said nothing about the failure to maintain the safe and to keep the books therein, did not estop it from raising and interposing such a defense upon the trial and when it first learned of such failure. "The doctrine of waiver . . . should not be extended so as to deprive a party of his defense, merely because he negligently, incautiously, when a claim is first presented, while denying his liability, omits to disclose the ground of his defense, or states another ground than that upon which he finally relies. There must, in addition, be evidence from which the jury would be justified in finding that, with full knowledge of the facts, there was an intention to abandon, or not to insist upon, the particular defense afterward relied upon, or that it was purposely concealed under circumstances calculated to, and which actually did, mislead the other party to his injury." Devens v. Mechanics' & T. Ins. Co. 83 N. Y. 168. The record shows that until the trial the defendant was of the opinion that the insurance premium had never been paid, and there is no evidence whatever that it had any knowledge of the failure to keep the books in the safe until the fact had been disclosed upon the cross-examination. None of the numerous cases cited by counsel for appellant bear him out in his contention. All of them relate to formal proofs of loss which the courts held could not be insisted upon where the defendant insurance company had re-

pudiated the policy on other grounds, and had lulled the plaintiff into the belief that, even if such proofs were furnished, they would not be considered and would be unavailing. They are cases, indeed, where the plaintiff had been lulled into a sense of security, and had refrained from doing certain formal acts, and this on account of the actions of the insurance company. In the case at bar the failure to keep the books in the safe was a matter which went to the question of liability in the first instance. Either they had been kept in the safe or they had not; and no action on the part of the insurance company, after the occurrence of the fire, could, as far as this matter was concerned, have unduly affected the insured. We can, indeed, see no grounds for the application of the rules either of waiver or of estoppel. See chapter on Waiver and Estoppel, 14 Mod. Am. Law, 46; 1 Clement, Fire Ins. 410.

We are quite satisfied, however, that the learned trial court erred in granting the motion of the defendant for judgment notwithstanding the verdict, and allowing the filing of the amended answer after the rendition of the verdict and entry of the judgment, and in order to justify the granting of the motion. The law, indeed, is well established that the breach of a condition subsequent in an insurance policy must, in order to be relied upon, be specially pleaded, and the failure to keep the books of account in the iron safe was clearly a condition subsequent. The policy, in short, was operative when issued; and if the fire had taken place before any new goods were purchased or sales had been made, the clause in regard to the keeping of the books and the preserving them in an iron safe would have been in no way applicable. So far, too, as the inventory was concerned, the policy merely provided that it should be taken "at least once during the life" thereof, and as the fire happened within three months of the issuance of the policy, there appears to have been no violation of the terms of the instrument in failing to make the same. There was no attempt in the original answer to plead either of these defenses, and, as far as the original answer was concerned, they could therefore not be relied upon. See Cooley Briefs on the Law of Insurance, vol. 2, page 1176, and cases cited; Phillips, Code Pl. § 421; Bringham v. Leighty, 61 Ind. 524.

We are not unaware of the holding in Sifton v. Sifton, 5 N. D. 187, 65 N. W. 670, in which it was held that where the contract sued upon

imposed "certain conditions precedent to be performed on plaintiff's part, and the complaint alleged that 'the said plaintiff has fully performed all the conditions of said instrument on her part.' The answer embraced a general denial, . . . [such] answer raised a material issue of fact which defendant had a legal right to have presented to a jury for determination." We have to remember, however, that in the case at bar, the keeping of the books in the safe was a condition subsequent, and not a condition precedent.

So, too, the failure to keep the books in a safe was, in no event, a complete defense. The policy was divisible. By its terms the insurer agreed to pay $500 in the case of the loss or destruction of the building, and $2,000 in case of the loss of the contents. If the jury believed, as it evidently did, that the plaintiff had paid the premium on the insurance policy, the plaintiff was, at any rate, entitled to a recovery of $500 for the loss of the building, as the provision in relation to the keeping of the books in an iron safe had no relation to such building. "But the iron-safe clause," says the supreme court of West Virginia, "relates only to the stock of merchandise, and noncompliance with it does not necessarily affect defendant's liability with respect to the other property insured. It was not intended to apply to the building itself, the household furniture, or the fixtures in the building, and notwithstanding the policy expressly provides that it shall be void and no action shall be maintained upon it if any of the warranties are violated, the rule established by the great weight of decisions is that, in the absence of fraud or any act condemned by public policy, the contract is divisible, and recovery may be had for the loss of other property not affected by the particular warranty broken. The risk as to the building, fixtures, and household furniture is in no wise increased by a failure to preserve an account of the mercantile transactions." Fisher v. Sun Ins. Co. 74 W. Va. 694, L.R.A.1915C, 619, 83 S. E. 729.

Although, indeed, there is a decided conflict of authority upon the proposition, and some courts hold that where the premium is paid in gross, the breach even of a condition which is strictly applicable to only one class of goods will invalidate the whole policy, the rule which is gaining ground and which seems to use to be more just and reasonable is that "where an insurance policy is issued, and different classes of property are insured, each class being separated from the others and

33 N. D.—3.

insured for a specific amount, and there is a breach of the conditions of the contract as to one class of the property insured, the contract should be considered as not one entire in itself, but as one which is severable, and in which the separate amounts specified may be distinguished, and a recovery had for one or more of them without regard to the other, provided the contract is not affected by any question of fraud, act condemned by public policy, or any increase of the risk of the company on the whole property insured because of the breach." Miller v. Delaware Ins. Co. 14 Okla. 81, 65 L.R.A. 173, 75 Pac. 1121, 2 Ann. Cas. 17, and cases cited; See also Fisher v. Sun Ins. Co. 74 W. Va. 694, L.R.A.1915C, 619, 83 S. E. 729, and cases cited. For general discussion of the proposition and also for authorities *contra,* see Joffe v. Niagara F. Ins. Co. 116 Md. 155, 81 Atl. 281, Ann. Cas. 1913C, 1217, and valuable note in 51 L.R.A.(N.S.) 1047; Southern F. Ins. Co. v. Knight, 111 Ga. 622, 52 L.R.A. 70, 78 Am. St. Rep. 216, 36 S. E. 821.

We are satisfied, also, that the learned trial judge did not err or commit an abuse of discretion in refusing to allow the filing of the amendment to the answer, and setting up this defense at the close of the plaintiff's case. It may be true that as a general rule a plaintiff cannot claim to be surprised by a defense, the facts which furnish the basis of which are within his own peculiar knowledge, and that in the case at bar plaintiff must have known of his own failure to keep the books in an iron safe. See Southern Ins. Co. v. Hastings, 64 Ark. 253, 41 S. W. 1093, 1094. The matter of allowing the amendment, however, was within the sound discretion of the trial court, and the practice is not favored which inverts the orderly modes of trial which generally prevail and settles issues after, instead of before, trial. 31 Cyc. 452; Wood v. Pehrsson, 21 N. D. 357, 130 N. W. 1010. It is also to be remembered that the motion was not made until the plaintiff had rested; that neither throughout the negotiations for a settlement nor in the original answer had the defendant in any manner suggested the defense; that the trial was held at a place more than a hundred miles from the home of the plaintiff and of his attorneys, and that, although the defendant now insists in its brief that it had no knowledge of the fact of the failure to keep the books in the safe until after the cross-examination of the plaintiff himself on the trial, no such statement was made to

the trial court, and no affidavit in support of such a proposition was filed, nor, as far as the record discloses, was any such showing in any other manner made. The trial court, therefore, was, as we have before said, clearly within the limits of his discretion, and committed no error in refusing to permit the amendment, and he could hardly, after the trial of the case had been completed and a verdict for the plaintiff had been returned upon the pleadings and the proof thereunder and which were before the jury and the court, change these issues, and set aside the verdict and order judgment for the defendant.

The introduction of the evidence as to the iron safe and the keeping of the books therein was strenuously objected to by counsel for plaintiff, on the ground that there was no foundation therefor in the pleading. The evidence, it is true, was admitted in spite of the objections, but later, and at the close of plaintiff's case, and when counsel for the defendant sought to amend his answer and to set up his defense, the motion was denied by the trial court. This action on the part of the trial court could only have been understood by the plaintiff as a repudiation of the defense on the part of such court, and the allowing of the evidence to stand merely as evidence which might tend to show the inaccuracy of the plaintiff and his lack of information in regard to the property actually burned, but not in any manner as decisive, or evidence which would tend to defeat the action altogether. "Respondent's counsel," says Mr. Justice Fisk, in speaking for this court in the case of Maclaren v. Kramer, 26 N. D. 244, 50 L.R.A.(N.S.) 714, 144 N. W. 85, "earnestly contend that, even though it be held that justification must be pleaded in order to be available as a defense, the allowance of the amended answer after the trial in which such justification is alleged renders plaintiff's point in this respect of no avail. In other words, it is contended that by the allowance of such amended answer defendant is in as advantageous a position as he would have been in had he pleaded such new matter in the original answer. We are unable to uphold respondent's contention in this respect. Had the testimony showing justification been introduced without objection, a different situation would arise, but as we understand the settled rule, while amendments to pleadings to conform to the proof will, in furtherance of justice, be liberally granted, they will never be granted where the admission of evidence was promptly objected to, when it was offered, upon

the ground that it did not tend to support the allegations in the pleadings."

The practice on motions for judgment notwithstanding the verdict is governed by § 7643, Compiled Laws 1913. This section, so far as it relates to the practice in the trial court, reads as follows: "In all cases where at the close of the testimony in the case tried, a motion is made by either party to the suit requesting the trial court to direct a verdict in favor of the party making such motion, which motion was denied, the trial court on motion made, that judgment be entered notwithstanding the verdict, or on motion for a new trial, shall order judgment to be entered in favor of the party who was entitled to have a verdict directed in his or its favor."

Under the provisions of this section, two prerequisites are essential to justify a trial court in ordering judgment notwithstanding the verdict: (1) A motion for a directed verdict must have been made and denied; (2) the party who moved for a directed verdict must have been entitled to a directed verdict at the time of the motion. The motion for judgment notwithstanding the verdict in effect reviews only the court's ruling in denying the motion for a directed verdict. If no motion for a directed verdict has been made, or if the motion for a directed verdict was properly denied, then a motion for judgment notwithstanding the verdict should not be granted. See Johns v. Ruff, 12 N. D. 74, 95 N. W. 440; West v. Northern P. R. Co. 13 N. D. 221, 231, 100 N. W. 254. In the case at bar the motion for a directed verdict was properly denied. At the time such motion was made and denied, the defense of the failure to keep the books in the safe was not an issue in the case. The only issue presented by the pleadings on which the motion could have been granted was that the plaintiff had not paid the premium, and on this there was a direct conflict in the testimony. Hence, the trial court's ruling in denying the motion for a directed verdict was correct. And this being so, the motion for judgment notwithstanding the verdict should, also, have been denied.

This being our view of the case, we have no option but to order a reversal of the judgment for the dismissal of the action, and to remand the case to the District Court, with directions to reinstate the verdict of the jury and to enter judgment for the plaintiff in accordance therewith. It is so ordered.

## On Petition for Rehearing.

BRUCE, J.   A petition for rehearing has been filed in this case, which asks for a rehearing, or, at any rate, for a modification of the decision.   The petition, as far as it relates to the rehearing, largely restates the arguments presented in the original briefs and on the oral argument, and which we believe have already been sufficiently covered by us.   The petition for a modification of the decision, however, presents a new question.

Counsel for appellant asserts that "the decision in this court must, in any event, be modified.   The motion for new trial, assigning many errors of law and insufficiency of the evidence, was presented to the trial court, but not passed upon because of his decision in our favor on the motion for judgment notwithstanding the verdict.   The case must, in accordance with the established practice, be remarked for further proceedings."

We have, however, carefully examined the record of the case and find that no errors of law were committed by the trial court which would have justified the granting of a new trial, and that the only issue which was presented by the pleadings, namely, the fact of the payment or the nonpayment of the premium, was properly submitted to the jury.   Formal proof of loss prior to the trial was, of course, waived by the flat refusal of the company to pay the same on account of the alleged nonpayment of the premium.   See § 5977, Rev. Codes 1905, § 6544, Compiled Laws of 1913; May, Ins. §§ 468, 469.

The controversy as to the payment or nonpayment of the premium was decided by the jury in favor of the plaintiff, and the only question, therefore, is whether *in furtherance of justice* the trial court should, at the close of plaintiff's testimony, have allowed an amendment to the pleadings permitting the setting up of the defense of the breach of the iron-safe clause and the provisions in regard to encumbrances or limitations of ownership, and therefore whether in the *furtherance of justice* the trial court, after the rendition of the verdict, should have ordered a new trial so that this might be done, and whether this court on this appeal should send the case back in order that these proceedings may be had.   It is, of course, well established that the defendant has no right to such amendment; that such amendment would introduce entirely

new issues into the case, and that such amendments should only be allowed in the sound discretion of the court, and are never allowed except in the furtherance of justice.

In the case at bar there can be no doubt that when the trial judge refused the amendment on the trial, he committed no abuse of discretion. Defendant, it is true, insists that such judge knew, and was informed upon the motion for judgment notwithstanding the verdict, that the defendant only became aware of the failure of the plaintiff to keep the iron safe upon the cross-examination of the plaintiff. There is nothing, however, in the record to bear out this statement. The record, as far as proof is concerned, is entirely silent on this proposition, and even if, on the motion for judgment notwithstanding the verdict, the trial court was of that opinion, it by no means follows that at the time the amendment was asked on the trial, he had any such belief, or that there was in the evidence proof in support thereof. The only defense that the defendant had interposed was that of nonpayment of the premium. In all of its letters it had insisted upon this defense and on this defense alone. Although we held in the principal opinion that the failure to mention this defense in the letters did not preclude it from pleading the same when sued upon the policy, we stopped far short of holding that this fact might not be considered by the trial court in refusing, in the exercise of its sound discretion and in furtherance of justice, to allow an amendment of the pleadings setting up the same, and when such amendment was not asked for until after the close of plaintiff's case, and this court must consider the fact in passing upon the question of whether in furtherance of justice it itself should send the case back so that a new trial may be granted and the amendment allowed.

Section 7482 of the Compiled Laws of 1913 only permits such amendments when "in the furtherance of justice." The purpose of the iron-safe clause is merely to serve as a safeguard against the padding of accounts and the claim of a greater loss than has actually occurred. Here the policy was only for $2,500, and the proof is positive and uncontradicted that the loss was over $5,000, and we are asked to send the case back for a new trial in order to allow to be interposed what, under the peculiar facts of the case, would be merely a technical defense, and when the uncontradicted proof shows that not only has there been

no padding of accounts, but the recovery of the plaintiff has only been for one half of his actual loss, and when, as a matter of fact, on account of the peculiar nature of the goods destroyed and the fact that the goods consisted principally of farm machinery, largely composed of metal which does not burn, it lay within the power of the defendant company, if it had chosen to investigate the loss, to have largely acquainted itself with the real extent of such loss. The skeletons of the machinery, in short, would have been strong proof of the existence of the original article.

The proof, too, is uncontradicted that the defendants at no time asked for any invoices or books of account, and we have no reason to believe that if they had been forthcoming, defendant would have in any way profited thereby.

We have carefully examined the case of Nelson v. Grondahl, 13 N. D. 363, 100 N. W. 1093, which is cited by counsel for appellant. In that case, however, there was a valid reason for a new trial on the record as presented to the supreme court and to the trial judge on the motion for judgment notwithstanding the verdict, and in the alternative for a new trial. In other words, a question had been taken from the jury which should have been submitted to it *under the pleadings,* and there was no question that the court had erred in directing a verdict and in not having this question so submitted.

The petition for a rehearing is denied.