MAY KING PERRY *vs.* JANE H. W. REYNOLDS.

May 21, 1889.

Pleading—Construction of Complaint.—A statement in the complaint, in an action to recover an alleged surplus arising by reason of a sale under a power contained in a real-estate mortgage, as to the amount due upon the day of sale, should not be allowed to control, when other facts appear in the pleading from which the conclusion stated may be questionable.

Same—Frivolous Demurrer.—*Morton* v. *Jackson*, 2 Minn. 180, (219;) *Hurlburt* v. *Schulenburg*, 17 Minn. 5, (22,)—followed, as to the rule for determining the frivolousness of a demurrer.

In this action, brought in the district court for Grant county, defendant's demurrer was, by order of *C. L. Brown*, J., stricken out as frivolous, and judgment for failure to answer was entered for plaintiff. The defendant moved that the judgment be vacated and for leave to serve a proposed answer, which motion was denied, the court holding that it had no power to grant it. Defendant appeals from the judgment.

*A. C. Brown*, for appellant.

*C. M. Stevens*, for respondent.

COLLINS, J.[1] Action to recover an alleged surplus arising by reason of a sale under a power contained in a mortgage upon real estate. The plaintiff is the mortgagor; the defendant, the mortgagee by as-

---

[1] Gilfillan, C. J., absent because of illness, took no part in the hearing or determination of this case.

signment, and also purchaser at the sale, at which, it is averred, no money was actually paid to the sheriff.   To an amended complaint the defendant interposed a general demurrer, which was stricken out as frivolous in the court below.   This complaint set forth in detail the date and amount of the note secured by the mortgage and of each interest coupon attached, and that certain sums of money had been paid thereon upon days named, from which a computation of the amount due when the sale took place could easily be made.   It also contained an averment that upon said day there was due, as principal and interest upon the note and coupons, a specified sum, and no more.   This general statement, which at best is but a conclusion to be determined by calculation, cannot be allowed to control, when other facts appear from which it may be questionable.   *Bailey* v. *Merritt*, 7 Minn. 102, (159.)   If, by a computation of principal and interest, based upon the allegations as to date and amount of the note and its coupons, in connection with the admitted payments, there appears to be an error in the conclusion, the latter must yield.   We do not wish to be understood as holding that there was error in this instance, for it is a debatable question, depending upon the rule of law applicable to the facts.   And for this reason the demurrer was not frivolous.   Its frivolousness must be determined by a mere inspection of it and the complaint to which it was interposed, without argument. *Morton* v. *Jackson*, 2 Minn. 180, (219;) *Hurlburt* v. *Schulenburg*, 17 Minn. 5, (22.)   Applying the rule laid down in each of these cases, the demurrer should not have been stricken out.

Judgment reversed.