## WILL S. SIGMUND *vs*. THE BANK OF MINOT.

Opinion filed June 9, 1894.

**Judgment on Pleadings.**

> In moving for judgment upon the ground that the answer served is frivolous, the motion is based upon the pleadings, and need not be supported by proof of extrinsic facts.

**Frivolous Answer—Insufficient Denial.**

> An answer is frivolous which contains no new matter, and which attempts to deny material allegations in the complaint only as follows: "Defendant says that it has not information sufficient to form a belief," etc. A denial in this form must negative both knowledge and information sufficient to form a belief. Comp. Laws, § 4914.

**Penalty for Delay.**

> A penalty of 10 per cent. on the face of the judgment adjudged for delay in prosecuting the appeal. Comp. Laws, § 5187.

Appeal from District Court, Ward County; *Morgan,* J.

Action by Will S. Sigmund against the Bank of Minot. Judgment for plaintiff, and defendant appeals.

Affirmed.

*A. S. Drake,* for appellant.

*Spalding & Phelps,* for respondent.

WALLIN, J. The complaint in this action states, in substance, that the defendant, a banking corporation, issued and delivered its two certain certificates of deposit to one H. B. Belmer, each bearing date on March 10, 1892, and drawing interest from date at 8 per cent. per annum. Said certificates were payable to the order of said H. B. Belmer, and matured, respectively, in three and four months from date. The complaint further alleges, that, for valuable consideration, said H. B. Belmer assigned said certificates of deposit to plaintiff before the maturity thereof. Defendant answered the complaint, admitting the making of the certificates, and that the same were unpaid. The only defense attempted to be set out in the answer is stated as follows: "Defendant says that it has not information sufficient to form a

belief as to whether plaintiff ever purchased said certificates, or is now the owner of the same, or either thereof." Upon due notice served upon defendant's attorney, a motion was made in plaintiff's behalf for judgment as demanded in the complaint, and that defendant's answer to the complaint be "stricken out as frivolous." No affidavit was served or used upon the hearing of the motion. The motion was granted by the District Court, and from the judgment entered for plaintiff defendant appeals to this court. The errors assigned in this court are, briefly stated, as follows: *First,* That the notice of motion (for reasons not stated by counsel) should have been accompanied by an affidavit; *second,* that the answer interposed to the complaint was not "frivolous."

A motion to strike out a frivolous demurrer, answer, or reply is expressly authorized by the Code in this state in connection with a motion for judgment. Code Civ. Proc. § 5026. To be frivolous, a pleading must be so clearly and so palpably bad as to indicate bad faith upon the part of the pleader. Bliss, Code Pl. § 421; Maxw. Code Pl. p. 555, and note 2. From the nature of the motion, it must be determined from an inspection of the pleadings only, and hence the motion need not be aided by any proof of facts extraneous to the pleadings. *Perry* v. *Reynolds,* (Minn.) 42 N. W. 471. It follows that the first assignment of error must be overruled.

The second assignment of error must also be overruled, as the answer, in our judgment is clearly obnoxious as frivolous. The answer contains no new matter, and the sole question is whether the attempted denial, as set out in the answer, is sufficient to raise an issue of fact. The answer does not embody an absolute general or specific denial, nor a denial made upon information and belief, nor does the defendant deny knowledge or information sufficient to form a belief touching any fact alleged in the complaint. It follows that the answer fails to set out a denial of any character which is authorized by the Code. The Code permits an issue to be joined by an answer denying both knowledge and

information sufficient to form a belief as to any fact set out in a complaint, but does not authorize an issue to be joined by simply denying "information," or by denying "knowledge" sufficient to form a belief. Both knowledge and information must be denied. Code Civ. Proc. § 4914; Bliss Code Pl. 326; *State* v. *Common Council*, 15 Wis. 33; *Hastings* v. *Gwynn*, 12 Wis. 671. Under the authorities cited, the answer of this defendant raises no issue of fact, and is clearly frivolous. No issue being joined upon any material fact set out in the complaint, the motion of the plaintiff for judgment was properly granted. Defendant did not ask leave to amend its answer in the court below, and in this court defendant only seeks to show by argument and by citations not in point that the answer is legally sufficient. Neither the argument nor the cases cited sustain appellant's contention.

In removing the case from the District Court to this court, appellant has been dilatory. The appeal was perfected in January, 1893, but appellant's abstract and brief were not served until May, 1894. No attempt was made to excuse the delay. In view of the character of the answer, the appellant could not have reasonably supposed that the judgment entered below would be reversed by this court. Under the circumstances, we are fully justified in exercising the discretion vested in this court of awarding damages against appellant for the delay. Comp. Laws, § 5187, subd. 5. The judgment will be affirmed, and a penalty of 10 per cent. on the face of the judgment will be added in entering judgment in the District Court. All concur.

(59 N. W. Rep. 966.)

NOTE—A verified answer consisting of a general denial cannot be stricken out as sham. *Cupples Wooden Ware Co.* v. *Jensen*, (Dak.) 27 N. W. Rep. 206. Where an answer states a good defense imperfectly, the defect should be met by motion to make the pleading more definite and certain, and not by motion for judgment on the answer as frivolous. *Yerkes* v. *Crum*, 2 N. D. 72, 49 N. W. Rep. 422.