LURY A. L. SIFTON *vs.* JOHN W. SIFTON.

Opinion filed October 26th, 1895.

**Action on Contract—Pleading—General Denial.**

> A written contract, which is the basis of the action, is set out at length in the complaint. The contract embraced certain conditions precedent to be performed on plaintiff's part, and the complaint alleged that "the said plaintiff has fully performed all the conditions of said instrument on her part." The answer embraced a general denial. On motion the District Court struck out the answer as frivolous. *Held*, that the answer raised a material issue of fact, which defendant had a legal right to have presented to a jury for determination and hence that the answer was not frivolous. Rule of *Sigmund* v. *Bank*, 59 N. W. 966, 4 N. D. 164, followed and applied.

Appeal from District Court, Barnes County; *Rose*, J.

Action by Lury Ann Louise Sifton against John W. Sifton. Judgment for plaintiff, and defendant appeals.

Reversed.

*Andrus & Remmen*, for appellant.
*Young & Burke*, for respondent.

WALLIN, C. J. In this action the complaint is as follows: "(1) That on the 30th day of June, 1892, the said defendant made, executed, and delivered to said plaintiff a certain instrument in writing, in words and figures following, to-wit: 'In consideration of Lury Ann Louise Sifton waiving her right to a decree for alimony and counsel fees in the action for divorce now pending in the District Court of the Fifth Judicial District, State of North Dakota, in and for the County of Barnes, wherein she is plaintiff, and James W. Sifton, the brother of the undersigned, is defendant, and in lieu of such alimony and allowances, I, the undersigned, hereby promise and agree to pay to said plaintiff $200.00 cash at the delivery of these presents; $200.00 July 1st, 1893; $200.00 July 1st, 1894; and $200.00 July 1st, 1895. In case the undersigned shall fail to make payments, or any of them, as hereinbefore provided, then said plaintiff shall be at liberty to apply to said court for a decree for alimony. After July 1st, 1896, if the parties to said action shall fail to agree upon the amount of alimony for the support of their child, then either of said parents shall be at liberty to apply to said court for the adjustment of such alimony. The payments hereinbefore first provided for shall be in lieu of all alimony, attorney's fees, and costs, and shall bear no interest, if paid at the dates specified; *provided, however*, that the household furniture and effects now in possession of said plaintiff may be assigned to her by the court, as alimony, in addition to the payments hereinbefore provided for. Dated this 30th day of June, 1892. John W. Sifton. Lury Ann Louise Sifton.' (2) That by the terms of the said written instrument the said defendant became indebted to the plaintiff in the sum of $200 on the 1st day of July, 1894. (3) That no part of the sum falling due July 1, 1894, has ever been paid, though payment has often been demanded. (4) That the said plaintiff has fully performed all the conditions of said instrument on her part. Wherefore, plaintiff demands judgment against the said defendant for the sum of $200, with interest thereon since the first day of July, 1894, together with costs and disbursements of this action." To which

complaint defendant made answer as follows: "Defendant denies generally and specifically each and every allegation contained in plaintiff's complaint, except as hereinafter specially admitted or qualified. Defendant admits the execution of the contract described in the plaintiff's complaint, but avers that the same was executed by him under the following circumstances, and for the following reasons: That the plaintiff in this action and the said James W. Sifton, mentioned in the complaint, at the time the contract mentioned in the complaint was executed, were husband and wife. That the said James W. Sifton was at that time anxious to get a divorce from this plaintiff, and this plaintiff was anxious to secure a divorce from the said James W. Sifton. That the said contract was entered into for the purpose of facilitating a divorce for the said James W. Sifton from his wife, this plaintiff, and for no other consideration, so far as this defendant is concerned. It was agreed at the time this contract was executed that neither the said James W. Sifton nor his agent nor attorney should put in any defense, by the way of offering any evidence on the part of the defendant in the divorce proceedings then pending between the parties aforesaid, so the plaintiff could proceed without opposition to get her divorce, not only for herself, but also for the said James W. Sifton. Defendant further alleges that he signed said contract, not as principal, but simply as the agent of the said James W. Sifton, and it was so understood by the parties to this action, at the time said contract was signed, that this defendant was not to be personally liable. Wherefore defendant asks that this action may be dismissed." A motion was made in the District Court by the plaintiff's attorneys to strike out said answer as both sham and frivolous, and for judgment for the relief demanded in the complaint. The motion was based upon the pleadings served herein, and upon the affidavit of the attorney for the plaintiff in the action for a divorce, which action is referred to in the pleadings in this action. The affidavit referred to need not be set out. It will be enough to state that its tenor and effect are to deny some of the material

features of the defendant's answer to the complaint. After hearing counsel upon the motion, the District Court "ordered and adjudged that the answer of the defendant herein be overruled, as frivolous, and that plaintiff have judgment thereon for the relief prayed for in the complaint." From this order defendant appealed to this court.

The court below struck out the answer, and directed the entry of judgment for the plaintiff, upon the sole ground that the answer was frivolous; and hence the only question which we shall consider is whether or not the answer is frivolous, within the meaning of the law. In *Sigmund* v. *Bank*, 4 N. D. 164, 59 N. W. 966, this court said: "To be frivolous, a pleading must be so clearly and so palpably bad as to indicate bad faith on the part of the pleader. Bliss, Code Pl. § 421; Maxw. Code Pl. 555, and note 2. From the nature of the motion, it must be determined from an inspection of the pleadings only, and hence the motion need not be aided by any proof of facts extraneous to the pleadings. *Perry* v. *Reynolds*, (Minn.) 42 N. W. 471." We think this rule has the sanction of good authority and sound reason, and hence we should apply it to this case, despite the fact that a different rule may exist in some other jurisdictions, as is claimed by counsel. Tested by this rule, is the answer frivolous? We think that it is not. Referring to the complaint, the plaintiff alleges, in effect, that the contract set out as a basis of the action was executed upon a certain consideration, viz, the express "waiver" by plaintiff of her "right to a decree for alimony and counsel fees in the action for divorce." Further along in the complaint it is alleged "that the said plaintiff has fully performed all the conditions of said instrument, on her part." By the general averment last above quoted, the plaintiff duly alleges performance of the conditions precedent in the contract to be performed on her part. Comp. Laws, § 4927. By this averment of performance on her part, the plaintiff, in effect, declares that she has met and fulfilled the precedent obligations resting upon her under the contract sued upon, and upon the performance of which alone the contract

would become operative as against the defendant.    It is manifest that the averment of fact which we are considering is vital to the plaintiff's recovery, and that without said averment the complaint would fail to state a cause of action.    But this averment of fact is met by the denial contained in the answer.    Nor is the effect of such denial waived or destroyed by any subsequent admissions made in the answer.    The vital issue of fact thus presented is one which the defendant had a legal right to have determined by a jury, and to deprive the defendant of such right by striking out his answer is therefore prejudicial error.    For this error the order must be reversed.    We will only add that, with respect to the other defenses set out in the answer, they are in our opinion, of a character to be more properly considered when raised by a demurrer, or by objections raised at the trial.

The order appealed from herein must be reversed.    All concur.
(65 N. W. Rep. 670.)