[Sac. No. 222.    Department Two.—April 30, 1897.]

## W. E. HENRY, APPELLANT, *v.* CITY 'OF SACRAMENTO, RESPONDENT.

MUNICIPAL CORPORATIONS—WATER SUPPLY—CONDITIONAL CONTRACT—ACTION FOR BREACH—INSUFFICIENT COMPLAINT. —Where a contract by a city for a water supply was conditional on the discovery and development of a sufficient supply of clean, sweet, and wholesome water suitable for drinking water and domestic uses, within six months after the date of the contract, and provided that otherwise both parties should be released from all liability under the contract, in an action by the contractor or his assignee for damage for breach of the contract on the part of the city, it is not sufficient for the complaint merely to allege generally a compliance with all the requirements and conditions of the contract, to be performed by the contractor or his assignee, but it must be specifically averred that the contractor or his assignee discovered or developed water of the required quality and quantity within the six months allowed therefor, and a complaint lacking such averment does not state a cause of action.

APPEAL from a judgment of the Superior Court of Sacramento County.   MATT. F. JOHNSON, Judge.

The facts are stated in the opinion of the court.

*Grove L. Johnson,* and *Albert M. Johnson,* for Appellant.

*McKune & George,* for Respondent.

McFARLAND, J.—A demurrer to the complaint was sustained, with leave to amend; and plaintiff declining to amend, judgment was rendered for defendant.   From this judgment plaintiff appeals.

It is alleged in the complaint that on September 11, 1893, one A. L. Fish entered into a certain contract set forth in the complaint, with the defendant, the city of Sacramento; that thereafter on March 1, 1894, the said Fish duly assigned said contract to J. H. Henry and A. Abbott; that thereafter the said Abbott duly assigned all his interest in the contract to the said J. H. Henry; and that on November 27, 1894, the said J. H. Henry duly assigned the said contract to W. E. Henry, who is the plaintiff herein and brought this suit on June 27, 1895.   The demurrer states the general ground that the complaint does not state facts sufficient to constitute a cause of action, and also presents the point that the alleged contract was personal in its nature and not assignable.   This second point need not be here considered; for, in our opinion, the complaint in other respects does not state facts sufficient to constitute a cause of action.

The contract is quite lengthy, and need not be here set forth in detail.   It is sufficient to say generally that, in the event of a certain contingency happening, the said Fish was to supply the defendant for city purposes water, in quality " clear, sweet, and wholesome," and " suitable for drinking water and domestic uses," and in quantity not less than "one thousand million gallons per annum"; and the defendant was to pay for said water at a certain rate for a certain period mentioned, the said

Fish to furnish a water main and connect it with the water-pipe system of the city then existing. The water was to be procured by said Fish by means of wells to be dug by him near said city, provided he should be able by that means to discover and develop water of the quality and in the quantity specified in the contract. At the time of the execution of the contract no such water had been developed, and whether or not it could be so developed was problematical. It was provided that, "within sixty days of the signing of this contract, the party of the second part (Fish) must begin in good faith such prospecting and investigations as may be necessary to determine whether an adequate and proper supply of water exists at the proposed location of his plant and well, and he shall prosecute such investigations in good faith, and with reasonable dispatch, so as to fully determine within six months after the signing of the contract whether such supply can be obtained." It was further provided, that if such water could not be developed as aforesaid, then both parties should be re. leased from all liability upon the contract. It was further provided that said Fish should deposit with the defendant a certified check in the sum of ten thousand dollars, as security that he would faithfully endeavor during said six months to determine whether water in quantity and quality as aforesaid could be developed; and that, if it should appear that such supply of water could not be developed, then the check should be returned to said Fish. If, however, such supply should be developed within six months, then certain other covenants of the parties were to be complied with.

It is quite clear that the contract and the covenants of the defendant were based on the possibility of Fish discovering and developing by means of said wells water for the supply of the city, of the quality and quantity before mentioned, within six months after the date of the contract. But it is nowhere averred in the complaint that Fish or his assigns ever discovered or devel. oped water of said quality and quantity, or any water

at all, and defendant was certainly not liable upon its covenants to do certain things after the development of such water, if such water was never discovered or developed. The complaint, to be sufficient to state a cause of action for damages against the defendant for not complying with said covenants, should have averred the conditions upon which said covenants rested. But the only averment upon this subject in the complaint is: "That the said plaintiff, and each and all of his said assignors, have in all respects fully complied with all the requirements and conditions of said contract by them, or either of them, to be done or performed." Fish, however, did not undertake to find water in the quality or quantity specified in the contract. He merely promised to diligently search and prospect for water during the six months succeeding the date of the contract; and his failure to find such water during said period would be perfectly consistent with the averments of the complaint, and yet leave the defendant entirely free from the obligations of any covenants on its part stated in the contract. The complaint is perfectly consistent with the fact that Fish and his assigns utterly failed to find and produce the supply of water upon which all the covenants of the defendant rested; and the failure of plaintiff to allege the conditions upon which alone the promises of the defendant were to be effective renders the complaint radically insufficient to maintain the action for damages herein sought to be alleged. It seems quite likely that the defect in the complaint arose, not from a want of knowledge how to plead, but from a want of facts to be pleaded.

The judgment appealed from is affirmed.

TEMPLE, J., and HENSHAW, J., concurred.

Hearing in Bank denied.