B. F. FELTON, Respondent, v. HERMAN NURNBERG, Appellant.

(179 N. W. 720.)

**Pleading — terms of written agreement annexed control allegations on demurrer; averments inconsistent with writing disregarded.**

1. Where a written agreement is incorporated as a part of a complaint, its terms control and determine the sufficiency of the complaint as against a demurrer in every particular, where the contract terms do not sustain the allegations of the complaint as to its contents, and where the averments are contradictory of, or inconsistent with it, they will be disregarded.

**Brokers — complaint in action for commission for making loan held not to show full performance of broker or of loan company.**

2. In an action on a contract to recover commissions due for making a loan, where the complaint alleges due performance of the conditions precedent on the part of the plaintiff to be performed, and, further, specifically alleges specific acts of performance by the plaintiff, and where, under the terms of a written agreement incorporated in the complaint, conditions precedent are required of the plaintiff, and also of a specific loan company mentioned therein, and where, further, the facts as alleged fall short of showing due performance, it is *held* that the general allegations of due performance do not aid in supplying the necessary allegations to show full performance on the part of this designated company, or of the plaintiff.

Opinion filed October 23, 1920.

In District Court, Stutsman County, *Cole,* J., to recover commissions due for making a loan. From an order overruling a demurrer to the complaint the defendant has appealed.

Reversed.

*John A. Jorgenson,* for appellant.

Where one agrees with another to pay a sum of money or to do a

thing, and no time is mentioned for the performance of such agreement, the law presumes that the money shall be paid, or the thing done within a reasonable time. Brown v. Brown, 103 Ind. 23, 2 N. E. 233; Urquhart v. Belloni, 57 Or. 314, 111 Pac. 692; Liliengren Furniture & Lumber Co. v. Mead (Minn.) 44 N. W. 306. Citing Stone v. Harmon, 31 Minn. 512, and Driver v. Ford, 90 Ill. 595.

Parol evidence is not admissible to show that it was intended that payment of a mortgage should be made only out of a certain fund. Carlton v. Vineland Wine Co. 33 N. J. Eq. 466; Sangston v. Gordon, 22 Gratt. 755; Neale v. Albertson, 39 N. J. Eq. 382.

*John W. Carr,* for respondent.

The term "cash" as used in this agreement means money in hand at the time as opposed to credit. 11 C. J. 20; Palliser v. United States, 34 L. ed. 514, 10 Sup. Ct. Rep. 1034.

Oral evidence is admissible where the contract is silent, unless the oral evidence contradicts or is inconsistent with the terms of the written contract. DePue v. McIntosh (S. D.) 127 N. W. 533; Putnam v. Prouty (N. D.) 140 N. W. 93; Erickson v. Wiper, 33 N. D. 193.

BRONSON, J. This is an action on a contract to recover commissions due for negotiating a loan. The defendant has appealed from an order overruling a demurrer to the amended complaint. The contract incorporated in the complaint, and upon which the action is based, reads as follows:

"This agreement is made for the purpose of procuring for Herman Nurnberg a loan upon his section 9, township 140, range 64.

"It is hereby mutually agreed between B. F. Felton, party of the first part, and Herman Nurnberg, party of the second part, that the said party of the first part is to procure if possible, for the party of the second, a loan for the sum of $12,800 on the above-described land for a period of five years, with interest at 6 per cent per annum payable annually. And if the party of the first part is successful in obtaining the above loan, the party of the second part agrees to pay the party of the first part the sum of $640 cash for his services in procuring said loan.

"Said second party is to execute application this day, and first party is to forward it to this company, and if acceptable and loan made by

the said company, then this amount to be due the said party of the first part from the party of the second part. If not acceptable, then and in that event the said party of the second part is in no wise indebted to the said party of the first part. Unless a smaller sum is accepted by the said party of the second part, in that event the said party of the second part is to pay the party of the first part, one half per cent per annum during the life of the loan in cash.

The loan company described in the application is to accept or reject application within ten days from this date; and in case they accept of this application, it is hereby mutually agreed between the parties hereto, that the said loan is to be made as soon as clear title is furnished by the second party hereto, and if it is not made within the time specified, this agreement is to be null and void."

In connection with this contract, the complaint further in substance alleges an oral agreement to pay a cash commission of $640 to be deducted from the loan, at the time the plaintiff furnished the money with which to make the same. Further that plaintiff obtained a loan for $12,800 at 6 per cent for five years payable annually, and requested the defendant to complete the loan by executing and delivering the necessary notes and mortgages; that the defendant declined to make such notes and mortgages and refused to carry out the written contract; that, notwithstanding that plaintiff had caused the moneys to complete such loan to be deposited in a bank on delivery upon compliance by the defendant with his part of the contract, the defendant refused to perform any part thereof.

The complaint further alleges that the plaintiff has complied with all of the provisions and conditions of the contract on his part to be performed, and that the defendant has wholly failed to perform, and that there is due the plaintiff $640.

Does the complaint state a cause of action? The complaint seeks to recover the consideration specified in the contract upon allegations of full performance of the provisions and conditions thereof on the part of the plaintiff to be performed. The terms of the written agreement control and determine the sufficiency of the complaint as against the demurrer made in every particular, where the contract terms do not sustain the allegations as to its contents, and where the averments are

contradictory of, or inconsistent with it, they will be disregarded. Johnson v. Kindred State Bank, 12 N. D. 336, 340, 96 N. W. 588.

The terms and conditions of the contract imposed upon the parties were, respectively, as follows:

Upon the defendant:

1. To execute an application for a loan in *this* company.

2. To furnish a clear title to the property involved.

3. To pay a commission of $640 in cash, if the application was acceptable and the loan made by *this* company.

4. To pay ½ of 1 per cent per annum, during the life of the loan, in cash, as commission, if a smaller loan was accepted.

Upon the plaintiff:

1. To forward the application of the defendant to *this* company.

2. To procure, if possible, a loan, as stated, from *this* company.

Upon the part of *this* company:

1. To accept a loan on this property, pursuant to the application within ten days.

2. To make a loan thereon as soon as clear title to such property is furnished.

The complaint does not allege that the plaintiff forwarded the application of the defendant to *this* company; it does not allege that *this* company accepted a loan on this property or agreed to make a loan thereof. The complaint does not allege the name of *this* company, although it is clear from the contract that a loan was to be made in a certain specific company whose name at least does not appear from the face of the contract or the pleadings in this record. The complaint furthermore does not allege that the plaintiff procured a loan from *this* company pursuant to the contract for the defendant.

It is true that the complaint has alleged generally compliance on the part of the plaintiff with the provisions and conditions of the contract on his part to be performed. This is in accord with the statutory provision providing for a general allegation of due performance of conditions precedent in a contract. Comp. Laws 1913, § 7461. See Sifton v. Sifton, 5 N. D. 187, 190, 65 N. W. 670.

The plaintiff, however, has further specifically pleaded that he obtained for the defendant *a* loan for $12,800, and requested the defendant to complete said loan by executing and delivering the necessary

notes and mortgages; that the plaintiff caused to be deposited with the bank the moneys to complete said loan. The general allegations, therefore, of due performance, do not aid in supplying the necessary allegations to show full performance on the part of *this* company and of the plaintiff, where the plaintiff has attempted to allege what he has actually done and where such facts so alleged fall short of showing due performance. 13 C. J. 728; Pease Oil Co. v. Monroe County Oil Co. 78 Misc. 285, 138 N. Y. Supp. 185. The allegations in the complaint, that the plaintiff procured a loan for the amount of the contract, and caused a deposit to be made for the amount thereof, is far from being a compliance with the terms of the contract providing for a loan with *this* company. See Henry v. Sacramento, 116 Cal. 628, 48 Pac. 728; 13 C. J. 728. The complaint is further defective not only in not showing the name of *this* company, but also in failing to definitely allege concerning the application which by the terms of the contract may have qualified or supplemented the written contract.

The defendant in his brief has urged principally that the demurrer should be sustained for the reason that the contract by its terms provides for the payment of a commission only if the application is acceptable and the loan made. This argument is based upon the theory that no commission became due under the contract until the loan was actually made, in fact. We are of the opinion that this question cannot be determined as a question of law upon this record for the reason that the agreement itself contemplates the execution of an application and the acceptance of such application, before a loan should be made by *this* company. This would involve a construction of the application in construction with the agreement and the action of the company thereupon before a legal interpretation could be given to the words "loan made." It might possibly appear from the whole of such instrument and the action had that the intention of the parties concerning the use of such words would be a question of fact for the jury. See 13 C. J. 788; 9 C. J. 632, note 11. The trial court erred in overruling the demurrer. Its order is reversed.

ROBINSON and GRACE, JJ., concur.

BIRDZELL, J. I dissent.

CHRISTIANSON, Ch. J. (dissenting). I dissent. The legislature has said: "In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view of substantial justice between the parties." Comp. Laws 1913, § 7458. It is the duty of the courts to recognize and give effect to this rule.

The written agreement involved in this case recites that the defendant, Nurnberg, is the owner of a section of land upon which he desires to make a loan. And that it is "mutually agreed between B. F. Felton, party of the first part, and Herman Nurnberg, party of the second part, that the said party of the first part is to procure, if possible, for the party of the second part a loan for the sum of $12,800 on the above-described land for a period of five years, with interest at 6 per cent per annum payable annually. And if the party of the first part is successful in obtaining the above loan, the party of the second part agrees to pay the party of the first part the sum of $640 cash for his services in procuring said loan." The complaint in this case unquestionably alleges that plaintiff fully complied with this portion of the contract.

But the majority opinion holds that the above-quoted portion of the contract is limited by the subsequent portions which requires Nurnberg to execute a loan application, and provides that Felton shall forward such application to the loan company. And that inasmuch as the complaint does not specifically aver that the loan application was executed by Nurnberg, and forwarded to and accepted by the loan company, and the loan made by it, the complaint fails to state a cause of action. The provision that Nurnberg should execute a loan application was clearly for the benefit of Felton. It is a matter of common knowledge that such applications contain certain questions, and require the applicant to make certain answers or representations relating to the character of the land, the amount and value of improvements thereon, and matters of that kind. Obviously the defendant cannot complain if the plaintiff procured the loan without such application. That would merely give the defendant a more favorable deal than he was entitled to. The primary object concerning which the parties contracted was the procurement by the defendant of a certain loan, at certain terms, upon certain land. The remainder were matters of detail relating to the principal object of the contract. The complaint in this

case shows that the plaintiff on his part performed what he had agreed to perform; that he obtained the loan which he was employed to obtain.

In my opinion the trial court was correct in holding that the complaint stated a cause of action. The order appealed from should be affirmed.

BIRDZELL, J., concurs.