Supreme Court—William H. Barkhorn & Co. v. Zinno.

WILLIAM H. BARKHORN & COMPANY, RESPONDENT, v.
CARLO ZINNO, APPELLANT.

Argued May term, 1925—Decided October 28, 1925.

Sale of Goods—Lumber Purchased by Defendant——Date of Sale
and Delivery Appears—Delivery of "Extras" Found to Have
Been Made—Apparent That Defendant Personally Ordered
the Goods or, at Least, Ratified. the Purchase—There Being
Delivery and Acceptance as Well as Part Payment, Case Not
Within Statute of Frauds.

On appeal from the Orange District Court.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *Gaetano M. Belfatto.*

For the respondent, *Louis Weiss.*

PER CURIAM.

This action was tried without a jury in the District Court
of Orange, and judgment in the amount of $288.83 was ren-
dered for plaintiff.

The suit was for a balance of the purchase price of lumber
sold and delivered to defendant.

It is objected by the defendant that the complaint does
not state a cause of action, because the date of the sale and
delivery of the lumber is not alleged. It is sufficient to
remark that the date of sale appears in an itemized state-
ment attached to and made part of the complaint.

It is next contended that there was no proof of sale or
delivery of the "extras" included in the amount recovered.
The court, from the evidence, found otherwise, and the ques-
tion was one of fact.

It is claimed by the defendant that the evidence conclu-
sively shows that the architect was not authorized to act for
him. The court found that the lumber was ordered by the

·defendant. The evidence is not actually before us, but there is sufficient from which a jury could find that the defendant personally ordered the goods, or that, if the architect ordered the purchase, that such act was ratified by the defendant.

It is argued that the contract, if any, should have been in writing. There was a delivery and acceptance of the material, as well as a part payment, and those facts manifestly take the case out of the statute of frauds.

The final contention is that the court should not have reopened the case after a motion for a nonsuit had been made. This was a matter resting in the trial court's discretion, and presented no basis for legal error.

The judgment will be affirmed.