**BENEDICT v. PRICE.**

No. 3997.

District Court, E. D. New York.

Nov. 26, 1929.

Gleason, McLanahan, Merritt & Ingraham, of New York City (Joseph B. Miller, of New York City, of counsel), for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and Albert D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for defendant.

CAMPBELL, District Judge.

The above-entitled action comes before this court on a motion made by the defendant to dismiss the complaint therein, on the ground that the same does not state facts sufficient to constitute a cause of action.

The complaint in the above-entitled action contains the following allegations:

That the plaintiff is a resident of the city and state of New York. That the defendant, Warren G. Price, at all the times mentioned was and is the collector of the United States internal revenue for the First district of New York, and a resident and inhabitant of the Eastern district of New York. That on or about the 14th day of March, 1923, and the 14th day of March, 1924, the plaintiff filed income tax returns for the calendar years 1922 and 1923, respectively, and thereafter paid the collector the amount of the taxes due on the basis of said returns. That subsequently the Commissioner assessed additional income taxes against the plaintiff for each of the years 1922 and 1923, which were paid under protest to the defendant as Collector. That plaintiff made payment under compulsion, duress, and coercion. That plaintiff filed claims for the refund of the additional taxes for 1922 and 1923 with the defendant. That these claims were rejected by the Commissioner of Internal Revenue, on or about June, 1927, and no part of the additional taxes has been refunded. That the taxable net income for the respective years reported by the plaintiff to the said defendant was a stated amount. That the taxable net income for the respective years as determined by the

Commissioner of Internal Revenue was a stated amount higher than the amount originally reported by the plaintiff. That the plaintiff was, at all the times in said complaint mentioned, a member of the partnership of Benedict & Benedict, insurance brokers. That under the terms of the partnership agreement executed by the plaintiff and others, a copy of which is attached to the complaint and marked "Exhibit A," the estate of any deceased partner was to continue participation in the business of such partnership for a period of four years next succeeding his death.

That by mutual agreement the percentages in which the partnership profits were distributed, under paragraph II, Exhibit A, were changed to the following: Seelye Benedict, 40.30. Estate of Andrew C. Benedict, 12.99. Walter S. Benedict, 20.32. Charles T. Swimm, 12.99. Thomas F. Handy, 7.80. Campbell T. Hamilton, 5.60.

That Andrew C. Benedict, one of the partners, died on March 28, 1922. That the capital of the estate in the business was $20,917.10 on the date of his death, $32,419.68 on January 1, 1923, and $32,990.99 on December 1, 1923. That the sum of $36,619.63 was paid to the estate of Andrew C. Benedict for the year 1922, of which $8,728.51 is alleged to have accrued from January 1, 1922, to March 28, 1922, the date of his death. That the sum of $40,162.68 was paid to the estate of Andrew C. Benedict for the year 1923. That the net income of Benedict & Benedict for the year 1922 was $281,906.33, actually distributed as follows:

Seelye Benedict ...............$113,608.25
Estate of Andrew C. Benedict.. 36,619.63
Walter S. Benedict............ 57,283.37
Charles T. Swimm............. 36,619.63
Thomas F. Handy............. 21,988.70
Campbell T. Hamilton......... 15,786.75
                             _____
                             $281,906.33

That the Commissioner determined the distributive shares as follows:

Seelye Benedict ..............$126,526.45
Estate of Andrew C. Benedict... 8,728.51
Walter S. Benedict............ 63,796.95
Charles T. Swimm............. 40,783.59
Thomas F. Handy............. 24,488.99
Campbell T. Hamilton......... 17,581.84
                             _____
                             $281,906.33

That the plaintiff's distributive share of said partnership income was an amount stated, which was the sum originally reported by plaintiff in his income tax for the year 1922. That the Commissioner determined plaintiff's distributive share in the income of Benedict & Benedict as an amount stated, an increase of an amount stated, by allocating to the plaintiff a proportionate share in the partnership profits for the year 1922, paid to the estate of Andrew C. Benedict. That the amount determined by the Commissioner was in excess of the actual net income of the plaintiff in a sum stated, representing an increase in the plaintiff's distributive share in the income from Benedict & Benedict as originally reported. That the difference between the amount reported as income by the plaintiff and that found due as income by the Commissioner resulted in an additional income tax of an amount stated, the refund of which plaintiff asked with interest. That the taxable net income for the year 1923 reported by the plaintiff to the defendant was an amount stated. That the net income as determined by the Commissioner for the year 1923 was an amount stated. That the net income of Benedict & Benedict for the year ending December 31, 1923, was $309,181.52, actually distributed:

Seelye Benedict ..............$124,600.15
Estate of Andrew C. Benedict... 40,162.68
Walter S. Benedict............ 62,825.68
Charles T. Swimm............. 40,162.68
Thomas F. Handy............. 24,116.17
Campbell T. Hamilton.......... 17,314.16
                             _____
                             $309,181.52

That the Commissioner determined the distributive shares as follows:

Seelye Benedict ..............$143,202.10
Estate of Andrew C. Benedict...     0
Walter S. Benedict............ 72,205.13
Charles T. Swimm............. 46,158.70
Thomas F. Handy............. 27,716.54
Campbell T. Hamilton......... 19,899.05
                             _____
                             $309,181.52

That the plaintiff's share in the income distributable to him was an amount stated. That the Commissioner determined the share of the income distributable to the plaintiff by Benedict & Benedict as an amount stated, an increase of an amount stated, by allocating to the plaintiff a proportionate share in the partnership profits for 1923, paid to the estate of Andrew C. Benedict.

That the taxable net income of the plaintiff as determined by the Commissioner for the year 1923 was in excess of the actual taxable net income, in an amount stated repre-

senting an increase in plaintiff's distributive share in the income of Benedict & Benedict as originally reported. That the difference between the two resulted in an increase in plaintiff's income tax for the said year in an amount stated, the refund of which the plaintiff claims with interest for the year 1923. That the increase in plaintiff's taxable net income for the years 1922 and 1923 was illegal and erroneous, and the proper income was reported by the plaintiff in his return. That the plaintiff was assessed with an additional income tax in an amount stated plus an amount stated with interest thereon. That at no time were there any income taxes due from the plaintiff beyond the sums originally reported and paid for the years 1922 and 1923. That this is a suit at law of a civil nature and arises under the laws of the United States. That a copy of the articles of copartnership of Benedict & Benedict is annexed to the complaint as "Exhibit A."

The law applicable to the instant case is as follows:

### Statutes Involved.

Revenue Act of 1921:

"Sec. 213. That for the purposes of this title (except as otherwise provided in section 233) the term 'gross income'—

"(a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including in the case of the President of the United States, the judges of the Supreme and inferior courts of the United States, and all other officers and employees, whether elected or appointed, of the United States, Alaska, Hawaii, or any political subdivision thereof, or the District of Columbia, the compensation received as such), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. The amount of all such items (except as provided in subdivision (e) of section 201) shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under subdivision (b) of section 212, any such amounts are to be properly accounted for as of a different period. * * * *"

"Sec. 218. (a) That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the fiscal or calendar year upon the basis of which the partner's net income is computed." 42 Stat. 237, 245.

Revenue Act of 1924:

"Sec. 218. (a) Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the taxable year upon the basis of which the partner's net income is computed." 26 USCA § 959.

Revenue Act of 1926:

"Sec. 218. (a) Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the taxable year upon the basis of which the partner's net income is computed." 26 USCA § 959.

Paragraph II of Exhibit A provides that Andrew C. Benedict shall receive 12.99 per cent. of the profits of the copartnership.

Paragraphs III and IV of Exhibit A provide as follows:

"III. Except as hereinafter provided in the event of the death of one or more of the partners, said copartnership may be terminated as follows: · ·

"Any one of the parties hereto may terminate it after giving six months' written notice of his intention so to do to each of his said co-partners.

"In the event of the death of either of the partners during the continuance of said co-partnership, the business shall be continued by the surviving partner or partners until the end of four years after the close of the then current fiscal year and the share of profits to which said deceased partner would have been entitled if living shall be paid as follows:

"Until the close of the second fiscal year succeeding said current fiscal year said share of profits shall all be paid to the estate of such deceased partner.

"During the next fiscal year thereafter, one half of said share of profits shall be paid to said estate and the other half shall be paid to the surviving partners in the same relative proportion in which they share in profits, as provided in paragraph II of this Agreement.

"During the second fiscal year thereafter, one-quarter of said share of profits shall be paid to said estate and the other three-quarters shall be paid to the surviving partners in the same relative proportion in which they share in profits, as provided in paragraph II of this Agreement.

"IV. Upon the termination of said co-partnership business or as soon thereafter as conveniently may be, each partner or his estate shall receive such amount as is standing to his credit on the books of the co-partnership, and the distribution of the profits of the preceding year shall be made by the liquidating partner or partners as soon as conveniently may be.

"The payments to be made as aforesaid to the estate of a deceased partner shall be in full payment and satisfaction of all interest on the part of such estate in the said co-partnership, and the good-will and the right to the use of the firm name shall belong wholly to the surviving partner or partners.

"Upon the termination of the said co-partnership and after making the payments aforesaid, the remaining assets including the proceeds of good-will and of the right to use the firm name shall be divided among the surviving partners in the same relative proportion in which they share in profits, as provided in paragraph II of this Agreement. The surviving or liquidating partner or partners shall pay or distribute the profits earned in any year at any time within the following year."

The plaintiff with the others named in Exhibit A were copartners under the firm name and style of Benedict & Benedict, at the time of the death of Andrew C. Benedict, on 'March 28, 1922.

After the death of Andrew C. Benedict, payments were made to his estate for the years 1922 and 1923, in the proportion provided for by the terms of Exhibit A.

The plaintiff did not include any part of the payments made to the estate of Andrew C. Benedict in reporting his distributive share of the net income of the copartnership of Benedict & Benedict for the years 1922 and 1923.

The Commissioner determined that the amounts paid to the estate of Andrew C. Benedict during these years, except the proportionate part earned up to the time of his death, was income of the surviving partners, and included their proportionate share of the payments in their several incomes when making the additional assessments.

Plaintiff seeks to recover the tax assessed on such additional sums, which the Commissioner determined represented the proportionate share of the plaintiff in the sums paid to the Estate of Andrew C. Benedict during the years 1922 and 1923, which the plaintiff contends should not have been done.

■ ■ Exhibit A annexed to the plaintiff's complaint herein is a part of that complaint and must be considered in determining the sufficiency of the complaint upon this motion to dismiss, and in determining what the agreement was, which is alleged, we are limited to an examination of Exhibit A, as it is by that examination and not by allegations of conclusions of the plaintiff that we are to determine the construction of the said agreement. Carpenter v. Foundation Co., 124 Misc. Rep. 765, 208 N. Y. S. 327, affirmed 211 App. Div. 846, 207 N. Y. S. 818; Felton v. Nurnberg, 46 N. D. 450, 179 N. W. 720; Vincent v. Frelich, 50 La. Ann. 378, 23 So. 373, 69 Am. St. Rep. 436; Davis v. Board of Com'rs of Choctaw County, 58 Okl. 77, 158 P. 294, L. R. A. 1916F, 873; Stevens v. Brimmer, 35 Wyo. 452, 251 P. 1, 49 A. L. R. 919; Eastern Texas Electric Co. v. Rhymes et al. (Tex. Civ. App.) 1 S.W.(2d) 688; William H. Barkhorn & Co. v. Zinno, 130 A. 823, 3 N. J. Misc. R. 1145; Rollins v. Van Jellico Mining Co., 194 Ky. 41, 238 S. W. 193; Hutchinson v. Maxwell, 100 Va. 169, 40 S. E. 655, 57 L. R. A. 384, 93 Am. St. Rep. 944; 21 R. C. L. 476.

■ ■ I do not question plaintiff's contention that by agreement a partnership might have been created, of which the estate of Andrew C. Benedict might have been a partner;

but under the terms of the agreement Exhibit A, it does not seem to me that the estate of Andrew C. Benedict, or the executor thereof, was a member of the copartnership of Benedict & Benedict, for the reason that to find the elements necessary to constitute a partnership between the said estate or the executor thereof and the other parties to Exhibit A, it is necessary to show a sharing of the profits or losses, and a voice direct or indirect in the management of the business; and this was not done. Bakmazian v. Tatosian et al. (Mun. Ct. N. Y.) 161 N. Y. S. 450; Wild v. Davenport, 48 N. J. Law, 129, 7 A. 295, 57 Am. Rep. 552; Rosenblum v. Springfield Produce Brokerage Co., 243 Mass. 111, 137 N. E. 357; Schumann-Heink v. Folsom, 328 Ill. 321, 159 N. E. 250, 58 A. L. R. 485.

The allegation of paragraph IX of the complaint that under the terms of Exhibit A, the estate of any deceased partner was to continue participation in the business of such partnership, for a period of four years next succeeding his death, is a conclusion, and we are not bound by that, but must determine the status of the estate from the agreement itself as shown in Exhibit A.

Under the terms of the agreement Exhibit A, it was provided that the business should be carried on by the surviving partner or partners, and my construction of the agreement Exhibit A is that the testator had agreed to sell his interest in the firm at the time of his death to the surviving partners, payment therefor to be made by paying to his estate a share of the profits for four years. The share of the profits so paid to the estate was not a share of the profits as a partner, but the payment for the purchase by the surviving partners of the interest of the deceased partner at the time of his death. And this appears from Exhibit A, wherein it is provided: "The payments to be made as aforesaid to the estate of a deceased partner shall be in full payment and satisfaction of all interest on the part of such estate in the said co-partnership, and the good-will and the right to the use of the firm name shall belong wholly to the surviving partner or partners."

This construction of the agreement is strengthened by the fact that the estate was to participate in the business of Benedict & Benedict, for the four years succeeding the death of Andrew C. Benedict, only if there were profits, and was not to participate if there were losses, and that there is no provision in the agreement that the business shall be continued by the estate of the deceased

partner, or the executor thereof, and the surviving partners, but on the contrary it is provided that the business shall be continued by the surviving partner or partners for four years.

Under the circumstances, it seems to me that the death of Andrew C. Benedict dissolved the partnership, and that a new partnership among the surviving partners was formed by mutual agreement, which was to purchase all the interest of the estate in the old partnership and the good will and right to use the firm name, and to pay therefor to the estate the agreed proportion of the profits for four years.

The plaintiff questions the existence of good will in a brokerage business, and also the right to prevent the use of the firm name by the surviving partners; but it seems to me that there was good will in the business carried on by Benedict & Benedict, and that it is not necessary to enter into a discussion of either of those questions, as all of the parties to the agreement Exhibit A agreed that there was good will, and that upon compliance with the terms of said agreement, by making payments as therein provided to the estate of a partner who should die, that all interest on the part of such estate in the said copartnership, and the good will and the right to use the firm name, shall belong wholly to the surviving partner or partners.

There is no provision of the agreement which makes the estate liable for any losses if during the four years' period there had been losses instead of profits, and so far as I can see, the estate did not in any event stand to lose anything beyond its share in the very small capital of the business; and certainly neither the estate nor the executor thereof could be held liable for debts contracted subsequent to the death of Andrew C. Benedict, without an express agreement to that effect. Wild v. Davenport, supra.

■ As I construe the terms of Exhibit A, what the surviving partners did was to pay a share of the profits of the partnership to the estate of Andrew C. Benedict, for the acquisition of a capital asset, viz., the interest of the deceased partner in the assets of a prior copartnership.

All of the profits of the copartnership belonged to the partners, and they cannot escape payment of an income tax thereon because of their payment to the estate of Andrew C. Benedict of a portion of their profits for the acquisition of such capital asset. Hill v. Commissioner of Internal Revenue (Plum-

er v. Commissioner of Internal Revenue), 14 B. T. A. 572, 579.

The motion to dismiss the complaint is granted.

Settle order on notice.